FILED
JANUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**MARC MAGHSOUDI ENTERPRISES, INC.,**
d/b/a **GALLERIE ONE DISTINCTIVE RUGS**         ,          Case Number

**Plaintiff**

v.                                                                    **08 C 441**

**TUFENKIAN IMPORT/EXPORT VENTURES, INC.**      **JUDGE GOTTSCHALL**
                                                                        **MAGISTRATE JUDGE COX**
**Defendant**

## COMPLAINT

NOW COMES MARC MAGHSOUDI ENTERPRISES, INC. d/b/a GALLERIE ONE DISTINCTIVE RUGS ("GALLERIE ONE") by and through its attorneys, Gold & Coulson, a partnership of professional and limited liability corporations, and complaining of TUFENKIAN IMPORT/EXPORT VENTURES, INC. ("TUFENKIAN") alleges as follows with respect to the above matter:

### JURISDICTION

1.  Jurisdiction of this Court is proper under 28 USC § 1332 as complete diversity between Plaintiff and Defendant exists.

2.  Plaintiff is a citizen of the State of Illinois and Defendant is a citizen in the State of New York.

3.  The amount in controversy exceeds $75,000.00, exclusive of interests and costs, by virtue of the following:

    (a)    the compensatory damages to which Plaintiff may be entitled as a result of

1

>    Defendant's conduct; and

(b) the punitive damages to which Plaintiff may be entitled by virtue of Defendant's conduct.

4. Venue is properly laid in this District.

## Parties to this Action

5. GALLERIE ONE is an Illinois corporation with its principal place of business at the Merchandise Mart in Chicago, Illinois selling high-end carpets to interior designers.

6. Defendant TUFENKIAN is a corporation licensed to do business in the State of Illinois with its principal place of business in New York, New York and is engaged in the business of designing and supplying high-end Tibitan carpets to dealers such as GALLERIA ONE.

7. Recently, in the summer of 2007, TUFENKIAN opened a showroom and does business in the Merchandise Mart, Chicago, Illinois, now in direct compensation with Plaintiff.

## The Business Relationship Between GALLERIE ONE and TUFENKIAN

8. The relationship between GALLERIE ONE and TUFENKIAN began in October 2005 when TUFENKIAN became desirous of utilizing GALLERIE ONE as a dealer for its line of fine carpet. At that time, TUFENKIAN required GALLERIE ONE to purchase $75,000 worth of sample carpets to be utilized by GALLERIE ONE for purposes of demonstration to potential customers so that these customers could place orders through GALLERIE ONE leading to GALLERIE ONE's purchase of additional merchandise from TUFENKIAN. To induce GALLERIE ONE to participate in this arrangement and invest $75,000, TUFENKIAN represented to GALLERIE ONE that it would fill all orders for GALLERIE ONE for

TUFENKIAN merchandise. At no time did TUFENKIAN inform GALLERIE ONE that it would compete with GALLERIE ONE or interfere with GALLERIE ONE's customers or employees. In December of 2005, after paying for the aforesaid samples, GALLERIE ONE began its promotion and sales for TUFENKIAN.

9. Between December of 2005 and early March of 2007, GALLERIE ONE purchased from TUFENKIAN an additional approximately $164,000 worth of merchandise which GALLERIE ONE sold to its customers for approximately $330,000 or a profit of approximately $164,000 over an 17 month period.

10. GALLERIE ONE was also required to expend an additional $15,000 during the first year of the aforesaid relationship to promote the TUFENKIAN brand in anticipation of future sales and profits from the sale of the TUFENKIAN brand. GALLERIE ONE estimated profits in the years following March 2007 would increase substantially.

11. To further increase its profitability and promotion of TUFENKIAN's merchandise, GALLERIE ONE hired BERNARD DRZAGA ("DRZAGA"), former marquis salesman of the well known Pedian Company d/b/a CRI, the previous dealer for TUFENKIAN in the Merchandise Mart.

12. GALLERIE ONE hired DRZAGA at a guarantee of $70,000 per year against commissions.

13. At some time in early March of 2006, DRZAGA informed GALLERIE ONE that he was taking employment with TUFENKIAN after TUFENKIAN made him an offer. As a result, GALLERIE ONE found it necessary to almost double DRZAGA's guarantee to $120,000.

14. On March 12, 2007, only 16 months after the commencement of the aforesaid

relationship, TUFENKIAN sent GALLERIE ONE attached Exhibit 1 informing GALLERIE ONE it would no longer fill its orders for TUFENKIAN's merchandise.

15.    Shortly thereafter, GALLERIE ONE discovered TUFENKIAN had opened a showroom in the Merchandise Mart to sell its merchandise directly.

16.    Since discovering this TUFENKIAN conduct, GALLERIE ONE has found that TUFENKIAN has engaged in similar conduct as to at least one other dealer in the United States.

17.    Prior to filing this lawsuit, GALLERIE ONE returned the consignment inventory described in Exhibit 2 attached to TUFENKIAN and has agreed to return approximately $27,000 of the samples it purchased from TUFENKIAN as a credit for an outstanding invoice it owes TUFENKIAN.

## COUNT I: FRAUD

18.    Plaintiff realleges paragraphs 1 through 17 as if fully set forth in this paragraph 18 and further states as follows:

19.    The statements made by TUFENKIAN to induce GALLERIE ONE to purchase $75,000 of samples for sale to its customers with the guarantee that TUFENKIAN would fill all of its orders were made in September of 2005.

20.    In September 2005, TUFENKIAN induced GALLERIE ONE to make this purchase by stating it would fill all of its orders so that GALLERIE ONE and TUFENKIAN would profit.

21.    These statements by TUFENKIAN to GALLERIE ONE were statements of material facts and were made at the same time TUFENKIAN implied that it would continue to fill GALLERIE ONE's orders.  Moreover, TUFENKIAN implied at this time that GALLERIE

4

ONE's hiring of DRZAGA would help sell their merchandise.

22. At the time that TUFENKIAN made these statements and induced GALLERIE ONE, as it did, it knew that the statements were false and made with reckless disregard as to whether or not they were true or false.

23. TUFENKIAN made these statements to GALLERIE ONE with the intent to induce GALLERIE ONE to invest the aforesaid sum of money and gear up as it did and promote its brand.

24. GALLERIE ONE reasonably believed and relied upon the statements made to it by TUFENKIAN in light of the investment made by GALLERIE ONE and in light of GALLERIE ONE's having replaced a dealer ("PEDIAN") that was no longer able to sell TUFENKIAN's product went out of business.

25. TUFENKIAN knowingly concealed from GALLERIE ONE that at all times relevant herein it intended to open a showroom in the Merchandise Mart, sell its merchandise directly, and prevent GALLERIE ONE from filling its orders of TUFENKIAN merchandise.

WHEREFORE, Plaintiff prays for compensatory damages in an amount in excess of $500,000 plus punitive damages in the amount of $1,000,000 or more as proven at trial.

**COUNT II - TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE OR BUSINESS OPPORTUNITY**

Pleading in the alternative:

26. GALLERIE ONE realleges paragraphs 1 through 21 of Count I as if fully set forth in this Count II and further states as follows.

27. TUFENKIAN knew that in the 17 months that it had filled GALLERIE ONE's orders of its merchandise, GALLERIE ONE was making a 100% profit on this merchandise.

28. GALLERIE ONE would have utilized the filling of TUFENKIAN's orders for further and future sales in the Mart.

29. The aforesaid conduct by TUFENKIAN was geared toward preventing GALLERIE ONE from future profit.

30. Had GALLERIE ONE had future orders of TUFENKIAN merchandise filled, it would have realized substantial profits.

31. At all time herein, TUFENKIAN was aware of the potential profit for GALLERIE ONE had it continued to fill GALLERIE ONE's orders.

WHEREFORE, GALLERIE ONE asks that judgment be entered in its favor and against TUFENKIAN for compensatory damages in excess of $500,000 and for punitive damages in an amount of $1,000,000 or such other amount as a jury awards at trial.

### COUNT III - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

32. GALLERIE ONE realleges paragraphs 1 through 21 of Count I as if fully set forth in this Count III and further states as follows:

33. At all relevant times herein, TUFENKIAN knew DRZAGA was an employee of GALLERIE ONE and that GALLERIE ONE hired DRZAGA to continually exploit the customers of Pedian.

WHEREFORE, in addition to the compensatory damages asked for in Count I and II of this Complaint, and in addition to further damages to be established at trial under this Count III, Plaintiff GALLERIE ONE asks that punitive damages in an amount of $1,000,000, or such greater amount as a jury will determine, for tortious interference by TUFENKIAN of the contract GALLERIE ONE had with DRZAGA.

## COUNT IV - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

Pleading in the alternative:

34. GALLERIE ONE realleges paragraphs 1 through 26 of Count III as if fully set forth in this Count IV and further states as follows:

35. The conduct of TUFENKIAN as aforesaid interfered with the business relations GALLERIE ONE had with DRZAZGA.

WHEREFORE, in addition to the compensatory damages asked for in Count I and II of this Complaint, and in addition to further damages to be established at trial under Count III, Plaintiff GALLERIE ONE asks that punitive damages in an amount of $1,000,000 or such greater amount as a jury will determine for tortious interference by TUFENKIAN of the contract GALLERIE ONE had with DRZAGA under this Count IV.

## COUNT V - BREACH OF CONTRACT

36. Plaintiff realleges paragraphs 1 through IV herein and further states as follows:

37. TUFENKIAN orally agreed to fill all of GALLERIE ONE's orders after October 2005 for TUFENKIAN's merchandise.

38. GALLERIE ONE fulfilled its obligations under this agreement.

39. TUFENKIAN breached this agreement per Exhibit 1 attached.

WHEREFORE GALLERIE ONE asks that judgment be entered in its favor and against TUFENKIAN for a sum proven at the trial to this matter as compensation damages in excess of $500,000.

Respectfully submitted,

                        By:    s/Arthur S. Gold
                                 One of their counsel

GOLD & COULSON
A Partnership of Professional
and Limited Liability Corporations
11 S. LaSalle Street
Suite 2402
Chicago, Illinois 60603
(312) 372-0777
(312) 372-0778 Facsimile

C:\WP51\ASG\MAGSHOUDI\COMPLAINT