**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARC MAGHSOUDI ENTERPRISES, INC., d/b/a GALLERIE ONE DISTINCTIVE RUGS,** | ) ) ) | |
| | ) | No. 08 C 441 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Gottschall |
| | ) | Magistrate Judge Cox |
| **TUFENKIAN IMPORT-EXPORT VENTURES, INC.** | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S RULE 12(b)(6)**
**MOTION TO DISMISS THE COMPLAINT**

NOW COMES the Defendant TUFENKIAN IMPORT-EXPORT VENTURES, INC., by and through its attorneys, The Tucker Firm, LLC, and presents the DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS THE COMPLAINT whereby the Defendant moves this court to dismiss the Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state any claim and in support thereof states the following:

1. The Plaintiff is a seller of carpets in Chicago and the Defendant was a supplier of carpets to the Plaintiff until the Defendant terminated its supply arrangement with the Plaintiff in March 2007. (Compl. ¶¶5,6.)

2. In the Plaintiff's Complaint, the Plaintiff purports to assert five causes of action against the Defendant.

3. Three of the Plaintiff's claims are premised on the Defendant's alleged statement to the Plaintiff in September 2005 that the Defendant would "fill all orders" of the Plaintiff, which the Plaintiff claims obligated the Defendant to continue to supply the Plaintiff carpets forever. (Compl. ¶¶8, 21.)

4. The Plaintiff also claims that the Defendant concealed the Defendant's intentions to open its own showroom in Chicago in the summer of 2007.

5. In Counts I, II, and V, the Plaintiff baselessly claims that it was fraudulent, tortious interference with the Plaintiff's future customer sales, and a breach of contract for the Defendant to stop supplying carpets to the Plaintiff and to open a showroom in Chicago after March 2007. (Compl. ¶¶14-15.)

6. The Plaintiff's other two claims arise from the Defendant's alleged making of a job offer to a salesman who was in the Plaintiff's employ at the time and who thereafter remained in the Plaintiff's employ. (Compl. ¶13)

7. The Plaintiff claims that the Defendant's job offer tortiously interfered with the Plaintiff's "contractual relations" (Count III) and the Plaintiff's "business relations" (Count IV) with the salesman. (Compl. ¶13.)

8. All of the Plaintiff's claims are deficient as a matter of law and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for at least four reasons.

9. <u>First</u>, Counts I, II, and V for fraud, tortious interference, and breach of contract fail because the Defendant had a legal right to stop supplying the Plaintiff with carpets given that the alleged supply contract was terminable at will under the law.

10. <u>Second</u>, Count II for tortious interference with the Plaintiff's future customer sales also fails because the Plaintiff does not allege any conduct of the Defendant that induced any customer of the Plaintiff to not deal with the Plaintiff.

11. <u>Third</u>, Count I for fraud also fails because false information as to a defendant's intentions to do, or not do, an act are not fraudulent under the law and the Plaintiff fails to allege any detrimental reliance on the allegedly misrepresented intentions of the Defendant.

12. <u>Fourth</u>, Counts III and IV for tortious interference with the Plaintiff's employment of the salesman fail because the Plaintiff does not allege the existence of an employment contract with the salesman or any malicious conduct by the Defendant that induced the salesman to leave the Plaintiff's employ.

WHEREFORE the Defendant moves this Court for an order dismissing the Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with prejudice and an award of its costs and attorneys' fees.

Dated: February 11, 2008

                                              Respectfully submitted,

                                              _____

                                              One of the attorneys for Defendant
                                              Tufenkian Import-Export Ventures, Inc.

                                              Debra J. Tucker
                                              Ryan D. Strohmeier

                                              THE TUCKER FIRM, LLC
                                              1723 N. Halsted Street
                                              Chicago, Illinois 60614
                                              Phone (312) 202-0222
                                              Facsimile (312) 202-0444

**CERTIFICATE OF SERVICE**

To:  Mr. Arthur S. Gold
     GOLD & COULSON
     11 S. LaSalle Street, Suite 2402
     Chicago, IL  60603


I, Debra J. Tucker, an attorney under oath hereby swear that I served a copy of the Defendant's Rule 12(b)(6) Motion to Dismiss the Plaintiff's Complaint and this Certificate of Service on the Plaintiff by depositing the same on February 11, 2008 at the post office located at Fullerton and Sheffield in Chicago, Illinois with postage prepaid and addressed to the Plaintiff's counsel at the address set forth above to be delivered by first class U.S. mail.


Dated: February 11, 2008

*/s/ Debra J. Tucker*

_____

Debra J. Tucker

THE TUCKER FIRM, LLC
1723 N. Halsted Street
Chicago, Illinois 60614
Phone (312) 202-0222
Facsimile (312) 202-0444