**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARC MAGHSOUDI ENTERPRISES, INC., d/b/a GALLERIE ONE DISTINCTIVE RUGS, | ) ) ) ) |
| Plaintiff, | ) Case No. 08-C-441 ) |
| v. | ) Judge Joan B. Gottschall ) |
| TUFENKIAN IMPORT/EXPORT VENTURES, INC., | ) Magistrate Judge Susan E. Cox ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marc Maghsoudi Enterprises, Inc. d/b/a Gallerie One Distinctive Rugs ("Gallerie One"), an Illinois corporation, has filed a complaint against defendant, Tufenkian Import/Export Ventures, Inc. ("Tufenkian"), a New York corporation, alleging fraud ("Count I"); tortious interference with a prospective economic advantage or business opportunity ("Count II"); tortious interference with contractual relations ("Count III"); tortious interference with business relations ("Count IV"); and breach of contract ("Count V"). Presently before the court is Tufenkian's motion to dismiss Gallerie One's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Tufenkian's motion to dismiss Counts I and V of Gallerie One's complaint is granted and its motion to dismiss Count II, III, and IV is denied.

### I. BACKGROUND

The conflict in this case centers upon a dispute over an alleged oral contract between Gallerie One and Tufenkian. The relationship between the two companies began in October, 2005, when Tufenkian expressed interest in engaging Gallerie One as a dealer of Tufenkian's

line of fine carpets. Under the terms of the alleged oral contract, Tufenkian required Gallerie One to purchase $75,000 worth of carpet samples to use those samples for the purpose of demonstration to potential customers. In return, Tufenkian stated that it would fill all orders for any of Tufenkian's merchandise that Gallerie One might sell. In December 2005, after paying Tufenkian for the samples, Gallerie One began its promotion and sales campaign for Tufenkian.

Between December, 2005 and March, 2007, Gallerie One purchased approximately $164,000 of additional merchandise from Tufenkian. Gallerie One sold this merchandise to its customers for approximately $330,000, earning approximately $164,000 in profit over a seventeen-month interval. According to Gallerie One, the alleged oral contract also required Gallerie One to expend an additional $15,000 during the first year of its relationship with Tufenkian to promote the Tufenkian brand in anticipation of future sales of, and profits from, Tufenkian products.

Gallerie One also extended an employment offer to Bernard Drzaga ("Drzaga"), a former salesperson for Pedian Company (d/b/a/ CRI) ("Pedian"), the prior dealer of Tufenkian carpets in Chicago's Merchandise Mart. Gallerie One offered employment to Drzaga at a guaranteed salary of $70,000 per year against future commissions, but later increased his salary to $120,000 after Tufenkian also made an employment offer to Drzaga.

On March 12, 2007, sixteen months after the commencement of the business relationship between Gallerie One and Tufenkian, Tufenkian sent a letter informing Gallerie One that Tufenkian would no longer fill orders for any of Gallerie One's customers. Shortly thereafter, Tufenkian opened its own showroom in close proximity to Gallerie One in the Merchandise Mart. Gallerie One subsequently filed the instant suit against Tufenkian. Presently before the

court is Tufenkian's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

To survive a motion to dismiss under Rule 12(b)(6), "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of what the…claim is and grounds upon which it rests…and its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Concentra*, 496 F. 3d at 776 (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964, 1973 n.14 (2007)). In ruling on a motion to dismiss, all reasonable inferences are drawn in favor of the plaintiff. *Gastineau v. Fleet Mortg. Corp.,* 137 F.3d 490, 493 (7th Cir. 1998).

### A. Count I: Fraud

In Count I of its complaint, Gallerie One alleges that Tufenkian devised a fraudulent scheme by which Tufenkian induced Gallerie One to enter into an oral contract in which Gallerie One agreed to sell Tufenkian's carpet. Gallerie One alleges that Tufenkian knowingly withheld the fact that it planned to open its own showroom at the same location, in direct competition with Gallerie One. Gallerie One contends that its detrimental reliance upon Tufenkian's fraudulent concealment is obvious on the face of the complaint because it is clear that Gallerie One would not have entered into a business relationship with Tufenkian had Gallerie One known that Tufenkian would terminate the relationship after just sixteen months.

A *prima facie* case of fraud is established by alleging that: (1) the defendant falsely stated a material fact or concealed a material fact that the defendant had a duty to disclose; (2) that the fact was intentionally misstated or concealed to induce the plaintiff to act; (3) that the plaintiff detrimentally relied upon the misstatement or the nonexistence of the fact; and (4) that the plaintiff suffered damages proximately resulting from such reliance. *Lewis v. Lead Indus. Ass'n, Inc.*, 793 N.E.2d 869, 876 (Ill. App. Ct. 2003). A fraud claim must be pled with particularity. Fed. R. Civ. P. 9(b); *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992). Furthermore, to survive the pleading stage on a count of fraud, a claimant must be able to point to specific, objective manifestations of fraudulent intent – a scheme or device. *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992).

Gallerie One claims that Tufenkian fraudulently concealed the material fact that it intended to open a competing showroom at the same location within two years after the initiation of the alleged oral contract. To prove fraud by intentional concealment of a material fact, the plaintiff must show the existence of a special or fiduciary relationship with the defendant that would give rise to a duty to speak. *Lewis v. Lead Indus. Ass'n,*, 793 N.E.2d 869, 876 (Ill. App. Ct. 2003). However, the relationship between Gallerie One and Tufenkian comprised an arm's-length business transaction between two commercial dealers. Gallerie One does not allege the existence of any special or fiduciary relationship with Tufenkian which would give rise to a duty on the part of Tufenkian to disclose its future business plans. Because Gallerie One fails to allege with particularity facts supporting the existence of a fiduciary relationship between the parties, its claim of fraudulent concealment fails and is consequently dismissed.

## B. Count II: Tortious Interference with Prospective Economic Advantage

Count II alleges tortious interference with prospective economic advantage. Under Illinois law, a plaintiff alleging tortious inference with a business relationship or prospective business advantage must establish (1) the existence of a valid business relationship (not necessarily evidenced by an enforceable contract) or expectancy; (2) the knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Curtis 1000, Inc. v. Suess*, 843 F. Supp. 441, 452 (C.D. Ill. 1994) (citing *City of Rock Falls v. Chicago Title & Trust Co.*, 300 N.E.2d 331, 333 (Ill. App. Ct. 1973)).

Gallerie One claims that as a result of its business relationship with Tufenkian, Gallerie One expected that its existing relationship with its interior designer clients would continue, with Gallerie One providing Tufenkian's product to them. Gallerie One contends that its expectations were reasonable and obvious to Tufenkian since Tufenkian was aware that Gallerie One was deriving a profit from the agreement. Gallerie One further asserts that the unilateral termination of the agreement by Tufenkian was not accidental, but rather a purposeful and an obvious breach of Gallerie One's expectation that it would derive a profit from the sale of Tufenkian's products to its clients. Lastly, Gallerie One contends that the damages are obvious based on the fact that Tufenkian is now competing against Gallerie One in the same building for clients. Gallerie One contends that its financial investment in promoting Tufenkian's carpets and its loss of prospective future profits due to Tufenkian's refusal to fill orders after it terminated its relationship with Gallerie One satisfies the damage requirement.

Tufenkian argues that Gallerie One fails to allege that Tufenkian had any communication or other contact with Gallerie One's customers, or that Tufenkian engaged in any conduct that could be construed as "inducement" of Gallerie One's clients to cease doing business with it.

Gallerie One's citation of *Rossi Distributors, Inc. v. Lavazza Premium Coffees Corp.* in support of its claim is directly on point. No. 01 C 9271, 2002 WL 31207324, at *1 (N.D. Ill. Oct. 2, 2002). In *Rossi*, a foreign exporter of coffee entered into an oral agreement with a local retailer for exclusive rights to distribute its coffee products in the Chicago area. *Id.* After several years, the exporter unilaterally terminated the contract and entered into the Chicago market in competition with its former distributor, who promptly filed suit alleging, *inter alia*, tortious interference with economic opportunity. *Id.* The court denied the exporter's motion to dismiss, stating that the former distributor's claim that the exporter had become the distributor's competitor in the local market, and that the exporter purposefully interfered with the former distributor's client base, provided it with a sufficient basis for its claim under Rule 12(b)(6). *Id.* at *3. The court further observed that, under the liberal requirements of Rule 12(b)(6), the former distributor was not required to plead the names of all potential clients lost. *Id.*

Likewise, Gallerie One is implicitly alleging that Tufenkian has entered the Chicago market in competition with Gallerie One, and that Tufenkian has purposefully interfered with Gallerie One's (unnamed) customers. That is sufficient to state a claim under Rule 12(b)(6). Tufenkian's motion to dismiss Count II is denied.

## C. Counts III and IV: Tortious Interference with Contractual Relations and Tortious Interference with Business Relations

Gallerie One's Counts III and IV (tortious interference with contractual relations and tortious interference with business relations, respectively) relate to its relationship with Drzaga, a

former "marquis salesman" of Tufenkian's carpets with Pedian. Gallerie One claims that Tufenkian's offer of employment to Drzaga constituted another scheme to prevent Gallerie One from benefiting from its relationship with Tufenkian. The elements of a *prima facie* case for tortious interference with contractual relations are: (1) the existence of a valid and enforceable contract between the plaintiff and a third party; (2) the defendant's awareness of said contract; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) the subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages. *Lusher v. Becker Bros. Inc.,* 509 N.E.2d 444, 446 (Ill. App. Ct. 1987).

Gallerie One claims that Drzaga was one of its employees, and that Tufenkian, knowing this, extended a competitive offer of employment to Drzaga. Consequently, Gallerie One alleges, it was forced to increase to Drzaga's compensation in order to keep him in its employ.

Tufenkian argues that Gallerie One's complaint is deficient because it fails to allege a specific employment contract with Drzaga or maliciousness on the part of Tufenkian. Gallerie One responds that Tufenkian's conduct in offering Drzaga employment resulted in a breach of the employment agreement between Drzaga and Gallerie One. Gallerie One does not allege that it had a specific employment contract with Drzaga; it merely claims that Drzaga was employed at a base salary of $70,000 per year. Tacitly conceding that Drzaga was an "at will" employee, Gallerie One relies on *Hy-Tek Consulting Services, Inc. v. Bar-Nahum*, in which the court stated, "[T]he malicious inducement of an employee to terminate his existing employment and enter the employ of another gives rise to a cause of action, and the fact that the contract of employment is at will does not bar recovery." 578 N.E.2d 993, 997 (Ill. App. Ct. 1991). However, principles of free competition prevent liability on the part of a subsequent employer in the absence of a showing of actual malice. *Id.* at 997.

7

Under federal pleading rules, Gallerie One's allegations are sufficient to support its claims of tortious interference by Tufenkian. Malice may be pleaded generally pursuant to Rule 9(b). Fed R. Civ. P. 9(b). Consequently, Tufenkian's motion to dismiss Counts III and IV is denied.

**D. Count V: Breach of Contract**

Gallerie One's Count V alleges breach of contract by Tufenkian. Gallerie One contends that Tufenkian breached its oral contract with Gallerie One when it discontinued filling customer orders for Gallerie One. To properly assert a claim for breach of contract, a complaint must allege facts that reasonably imply: (1) a contract existed between the plaintiff and defendant; (2) plaintiff performed its obligations under the contract; (3) defendant breached its obligations under the contract; and (4) plaintiff suffered damages as a proximate result of the breach. *Bercoon, Weiner, Glick & Brook v. Mfrs. Hanover Trust Co.,* 818 F. Supp. 1152, 1155 (N.D. Ill. 1993) (citing *Berg and Assoc., Inc. v. Nelsen Steel and Wire Co.*, 580 N.E.2d 1198, 1203 (Ill. App. Ct. 1991)). Gallerie One alleges that an oral contract existed between Gallerie One and Tufenkian, that Gallerie One performed its duties when it paid Tufenkian $75,000 and began to promote Tufenkian's brand, and that Tufenkian breached the contract when it terminated the relationship after approximately sixteen months and began selling its products in the same building as Gallerie One which resulted in an economic loss for Gallerie One.

What both parties apparently fail to realize is that the alleged oral contract in this case is neither valid nor enforceable under the UCC Statute of Frauds, which has been adopted by Illinois. *See* 810 ILCS 5/2-201. The statute renders unenforceable any contract for goods amounting to $500 or more where there is no writing sufficient to indicate that a contract has been made, or where a writing is present but is not signed by the party against whom the contract

8

is to be enforced. *Id.*; *see Lee v. Voyles*, 898 F.2d 76, 78 (7th Cir. 1990). In the present case, the goods in question amounted to considerably more than $500 and Gallerie One adduces no writing, signed by Tufenkian, which indicates a contract. Gallerie One included two written letters as exhibits in its complaint, the first of which is a letter from Tufenkian to Gallerie One indicating that it is unilaterally terminating its business relationship with Gallerie One. Compl. Ex 1. The second is a response from Gallerie One to Tufenkian's initial letter indicating that it is returning the consignment merchandise as well as invoiced and paid for samples. *Id.* Ex. 2. Neither letter, however, indicates the existence of a contract between the parties, nor indicates its terms.

A contract may be enforceable under the Statute of Frauds, even though it does not meet the requirements of 5/2-201(1), if it is valid in other respects and "the party against whom enforcement is sought admits in his pleading, testimony, or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted." 810 ILCS 5/2-201(3)(b). In other words, a contract may be enforceable if the party against whom enforcement is sought admits to the existence of the contract, but only with regard to partial performance (i.e., goods which were delivered but not paid for). However, the case at bar does not fall within this exception because Gallerie One does not allege that Tufenkian breached its duty to complete partial performance. Rather, Gallerie One alleges that Tufenkian breached its contract with Gallerie One by unilaterally terminating its business relationship and refusing to honor any future orders. Tufenkian's alleged breach thus falls outside of the ambit of § 5/2-201(3)(b)'s exception to the Statute of Frauds. Consequently, no valid or enforceable contract existed between Gallerie One and Tufenkian. Gallerie One's Count V alleging breach of contract is consequently dismissed.

## III. CONCLUSION

For the reasons set forth above, Tufenkian's motion to dismiss counts I and V of Gallerie One's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. Tufenkian's motion to dismiss Counts II, II, and IV is denied

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 30, 2008