UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARC MAGHSOUDI ENTERPRISES, INC., d/b/a GALLERIE ONE DISTINCTIVE RUGS, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 08 C 441 |
| v. | ) ) | Judge Gottschall |
| TUFENKIAN IMPORT/EXPORT VENTURES, INC., TUFENKIAN CARPETS CHICAGO, LLC, and TUFENKIAN HOLDINGS, LLC. | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Tufenkian Import/Export Ventures, Inc., ("Tufenkian N.Y."), Tufenkian Carpets Chicago, LLC ("Tufenkian Chicago"), and Tufenkian Holdings, LLC ("Tufenkian LLC"), move to dismiss a Third Amended Complaint (the "Complaint") brought by Plaintiff Marc Maghsoudi Enterprises, Inc., d/b/a Gallerie One Distinctive Rugs ("Gallerie One"), an Illinois corporation. The Complaint states two new claims, adds a defendant,[1] and alleges fraud (Count I); tortious interference with a prospective economic advantage or business opportunity (Count II); tortious interference with contractual relations (Count III); tortious interference with business relations (Count IV); breach of contract (Count V); violation of the Illinois Trade Secrets Act, 765 Ill. Comp. Stat. 1065/1 (Count VI); and violation of the Deceptive Business Practices Act, 815 Ill. Comp. Stat. 510/2 (Count VII). Defendants move to dismiss the Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants seek to dismiss Counts I-VII with prejudice to the extent they assert claims against Tufenkian

---
[1] Counts I and V were included in the Complaint by the defendant even though they were previously dismissed. These claims were identically and improperly realleged, and therefore remain dismissed.

LLC, and to dismiss I, V, VI and VII with prejudice against all Defendants. For the reasons set forth below, Defendants' motion to dismiss is granted on all counts as to Tufenkian LLC, as well as for Counts I, V, VI, and VII with regard to defendants Tufenkian N.Y. and Tufenkian Chicago[2]. Defendant has not sought dismissal of Counts II, III, and IV as to defendants Tufenkian N.Y. and Tufenkian.

## I. BACKGROUND[3]

This case centers on an alleged oral agreement between Gallerie One and the Defendants. Gallerie One operates a business selling turkish rugs from the Chicago Merchandise Mart. In October 2005, Tufenkian N.Y. expressed interest in engaging Gallerie One as a dealer of Tufenkian N.Y.'s line of carpets. Under the terms of the alleged agreement, Tufenkian N.Y. required Gallerie One to purchase $75,000 worth of carpet samples and show those samples to potential customers. In return, Tufenkian N.Y. stated that it would fill orders for any of Tufenkian N.Y.'s merchandise that Gallerie One might sell. In December 2005, after paying Tufenkian N.Y. for the samples, Gallerie One began its promotion and sales campaign for Tufenkian N.Y.

Between December 2005 and March 2007, Gallerie One purchased approximately $164,000 of additional merchandise from Tufenkian N.Y. Gallerie One sold this merchandise to its customers for approximately $330,000, earning approximately $164,000 in profit over a seventeen-month interval. According to Gallerie One, the alleged oral agreement also required Gallerie One to expend an additional $15,000 during the first year of its relationship with Tufenkian N.Y. to promote the Tufenkian brand.

---
[2] Tufenkian Chicago is a registered LLC in Illinois, and is thus subject to the laws of Illinois. 805 ILCS 180/1-50
[3] The factual background is taken entirely from the Third Amended Complaint (April 1, 2009, Third Amended Complaint)

On March 12, 2007, sixteen months after Gallerie One and Tufenkian N.Y. began their business relationship, Tufenkian N.Y. sent a letter informing Gallerie One that Tufenkian N.Y. would no longer fill orders for any of Gallerie One's customers. Shortly thereafter, Tufenkian Chicago opened a showroom in the Merchandise Mart near Gallerie One and began to receive merchandise from Tufenkian N.Y. Gallerie One subsequently filed suit against Defendants.

## II. ANALYSIS

### A. Count VI – Violation of Illinois Trade Secrets Act

The complaint alleges that Tufenkian LLC misappropriated Gallerie One's customer list in violation of the Illinois Trade Secrets Act, which defines a trade secret as:

> 'Trade secret' means [(1)] information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: [(2)] is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and [(3)] is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 Ill. Comp. Stat. 1065/1.

The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff on a 12(b)(6) motion. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Gallerie One pleads that the customer list is a trade secret, and the court therefore assumes that the list is a thing of value. *See* 765 Ill. Comp. Stat. 1065/1. However, Gallerie One also alleges that it sent the list to Tufenkian for use in a direct mail program entitled

"Variations by Barbara Barry." Disclosure of a "trade secret to others who are under no obligation to protect the confidentiality of the information," extinguishes the right to trade secret protection. *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1002 (1984), *Skoog v. McCray Refrigerator Co.*, 211 F.2d 254, 257 (7th Cir. 1954) (the property right was extinguished and treated as a public disclosure, despite alleged limited disclosure to the plaintiff). Here, Gallerie One failed to plead facts alleging that the parties had a confidentiality agreement, or that Tufenkian N.Y. had a legal obligation created by contract or law, requiring it to maintain the secrecy of the customer list. Moreover, the Complaint does not allege that any steps were taken to ensure that the list would remain confidential. *See Ackerman v. Kimball Intn'l,* 634 N.E.2d 778 (Ind. Ct. App. 1994) (Plaintiff is required to take "efforts reasonable under the circumstances to maintain the secrecy of the customer lists"). Because the Complaint alleges disclosure of the trade secret, but does not plead any facts related to an agreement to protect plaintiff's information, Gallerie One's trade secret claim is not plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 2007, *see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. Ill. 2009). Count VI is dismissed without prejudice.

### B. Count VII – Deceptive Business Practices Claim

The Complaint alleges that Tufenkian's conduct violated the Illinois Deceptive Trade Practices Act (the "DPA"). According to the DPA, "A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person … causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another." 815 Ill. Comp. Stat. 510/2. Gallerie One alleges that there is a likelihood of confusion between Gallerie

One, which sold Tufenkian products, and the competitor store in Merchandise Mart named "Tufenkian Artesian Carpets," and that this confusion of connection or association violates the DPA.

The standard for "likelihood of confusion or misunderstanding" in the DPA is the same as the standard in trademark infringement cases. *See Rock-A-Bye Baby, Inc. v. Dex Products, Inc.*, 867 F.Supp. 703, 713 (N.D. Ill. 1994). "Likelihood of confusion" exists when the defendant's use of a deceptive trade name, trademark, or other distinctive symbol is likely to confuse or mislead consumers as to the *source or origin* of the product or service. *See* J. Gilson, *Trademark Protection and Practice*, § 5.01 (1982) (emphasis added), *see also McGraw-Edison Co. v. Walt Disney Productions*, 787 F.2d 1163 at 1169 (7th Cir. Ill. 1986).

The complaint sets forth no facts that may be construed to allege a violation of the DPA. Gallerie One formerly had a brokerage relationship with Tufenkian N.Y. whereby it provided Tufenkian brand carpets to customers. That Tufenkian has allegedly opened another outlet where it will now sell its wares, and cut off its relationship with Gallerie One, cannot be construed to allege consumer confusion as to the origin of Tufenkian carpets. Accordingly, Gallerie One has failed to state a claim under the DPA, and the court dismisses Count VII.

**C. 12(b)(2) and 12(b)(6) Motions with regard to Tufenkian LLC**

The exercise of personal jurisdiction requires "sufficient contacts or ties with the state of the forum to make [bringing suit] reasonable and just, according to our traditional conception of fair play and substantial justice" such that the corporation is not unduly burdened on the exercise of personal jurisdiction. *See Intn'l Shoe Co. v. Washington*, 326

U.S. 310, 320 (1945). Defendants argue that the Complaint fails to allege facts sufficient to meet this standard. In opposition, Gallerie One presents two arguments in support of the exercise of personal jurisdiction over Tufenkian LLC: first, that Tufenkian LLC has established minimum contacts in Illinois through relationships with Tufenkian N.Y. and Tufenkian Chicago, and second, that the court should pierce the corporate veil separating the owner of Tufenkian LLC from Tufenkian LLC itself. Under either theory, the allegations in the complaint are insufficient to establish personal jurisdiction over Tufenkian LLC in Illinois, and claims against Tufenkian LLC fail.

Tufenkian LLC is a citizen of New York, where it is registered and has its principal place of business, and where its only member resides. For purposes of determining personal jurisdiction, as well as diversity issues, the Seventh Circuit held that an LLC is a citizen "of every state of which any member is a citizen." *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir.2003) (citing Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir.1998)). Gallerie One has not alleged that Tufenkian LLC sells carpets in Illinois, whether to Tufenkian Chicago or any other person or entity. Based on Gallerie One's allegations, Tufenkian LLC does not have any contacts in Illinois sufficient to allow the court to exercise personal jurisdiction in Illinois. *See World-Wide Volkswagen Corp. v. Woodson*, 100 S. Ct. 559 (1980) (personal jurisdiction is properly exercised where "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there") Plaintiff does not claim otherwise.

Plaintiff then contends that jurisdiction is appropriate because Tufenkian LLC is an alter ego of Tufenkian Chicago such that their corporate forms can be disregarded. A

corporation is a legal entity whose existence is separate and distinct from its shareholders, officers, and directors, who are not, as a general rule, liable for the corporation's obligations. *Stap v. Chi. Aces Tennis Team, Inc.* 379 N.E.2d 1298, 1301 (Ill. App. Ct. 1st Dist. 1978). However, Illinois courts have consistently held that though the traditional structure of an LLC prevents personal liability of members absent an agreement, it does not bar personal liability for the purpose of veil piercing; thus, with regard to this specific theory, corporations and LLCs are subject to the same treatment. *Westmeyer v. Flynn*, 382 Ill. App. 3d 952, 960 (Ill. App. Ct. 1st Dist. 2008), *see also In re Polo Builders, Inc.*, 388 B.R. 338, 384 (Bankr. N.D. Ill. 2008) ("Both Illinois state courts and United States bankruptcy courts have held that a LLC's members can be held personally liable for acts of a LLC if similar grounds exist that have been traditionally used to pierce the veil of corporations.").

A corporation's veil of limited liability will be pierced only when there is "such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist[,]" and when "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985) (quoting *Macaluso v. Jenkins*, 420 N.E.2d 251, 255 (Ill. App. Ct. 1981) (alteration in original)). Piercing the corporate veil is not a favored practice and, in general, courts are reluctant to do so. *See In re KZK Livestock, Inc.*, 221 B.R. 471, 478 (Bankr. C.D. Ill. 1998) (citing *C M Corp. v. Oberer Dev. Co.*, 631 F.2d 536 (7th Cir. 1980); *In re Kevin W. Emerick Farms, Inc.*, 201 B.R. 790 (Bankr. C.D. Ill. 1996)). To properly assert a veil piercing argument, even for

purposes of long arm jurisdiction, Gallerie One would have to put forth allegations that Tufenkian LLC has met both parts of the veil piercing test.

Here, the Complaint alleges that Tufenkian LLC, is controlled entirely by one member, James Tufenkian. According to the Complaint, Tufenkian LLC is the parent company of Tufenkian Chicago, and is located at the same address in New York as Tufenkian N.Y. These facts, assumed to be true for purposes of this motion, do not sufficiently satisfy the first part of the test, that the corporation is merely an alter ego of James Tufenkian.

As Illinois courts, and courts in general, are reluctant to pierce the corporate veil and disregard corporate formalities, allegations that meet the alter ego test must be made.[4] The test requires a showing of "(1) the failure to maintain adequate corporate records or to comply with corporate formalities; (2) the commingling of funds or assets; (3) undercapitalization; and (4) one corporation treating the assets of another corporation as its own." *Baker*, 427 N.E.2d at 102; *see also Sea-Land Servs., Inc. V. Pepper Source*, 941 F.2d 519, 520 (7th Cir. 2004); *Macaluso* at 256.

Taking the above test into consideration, the sufficiency of the pleadings then turns on whether the court's recognition of the distinction between Tufenkian LLC and Tufenkian Chicago would promote an injustice or perpetuate a fraud. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Ghimantec*, 529 F.3d 371, 81 (7th Cir. 2008). Rule 9 of the Federal Rules of Civil Procedure requires allegations of fraud to be pled with particularity. Gallerie One has not made any allegations that would satisfy the

---

[4] At times, the 7th Circuit uses the two part test for piercing the corporate veil interchangeably with the test required to show alter ego. *See Matter of Kaiser*, 791 F.2d 73, 76 (7th Cir. 1986). It would seem that the test to pierce the corporate veil would require a showing of alter ego, and thus that alter ego may be a crucial part, though not the entirety, of the veil piercing test. However, a distinction between the two need not be made in the present case; Illinois courts have clearly outlined the requirements for veil piercing with regard to personal jurisdiction in cases later cited in this opinion.

above test and has alleged simply that James Tufenkian is the sole member of Tufenkian LLC and that Tufenkian LLC is the sole member of Tufenkian Chicago; nowhere in the complaint is it alleged that the corporate shell had been used for nefarious or fraudulent purposes.

Legal conclusions supporting a claim that Tufenkian LLC is a fraud are not entitled to the presumption of truth without factual allegations that will nudge "claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, "the Rules' notice pleading requires the allegation of facts, not mere legal conclusions." *Club Assistance Program, Inc. V. Zukerman,* 594 F.Supp. 341, 351 (D.C. Ill. 1984) (This case stated clearly that a conclusory allegation that corporation was "alter ego" of its officers and directors was insufficient to warrant piercing corporation's veil under Illinois law, and that personal jurisdiction could not be asserted on that basis.) Gallerie One's Complaint alleges bare legal conclusions that are insufficient to state a claim predicated on a veil piercing theory. Since more robust allegations are required to pierce the corporate veil, the court will not disregard the corporate entity based on the current set of allegations. Thus, there are no existing minimum contacts that would bring Tufenkian LLC under this court's jurisdiction. The motion to dismiss all claims against Tufenkian LLC is therefore granted.

### III. CONCLUSION

Defendants' motion to dismiss all counts as they pertain to Tufenkian LLC for lack of personal jurisdiction according to Rule 12(b)(2) is granted. Defendants' Rule 12(b)(6) motion to dismiss counts I, V, VI and VII as they pertain to Tufenkian N.Y. and

Tufenkian Chicago is also granted. Defendants have not moved to dismiss Counts II, III, and IV as they apply to defendants Tufenkian N.Y. and Tufenkian Chicago.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: November 16, 2009